OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Sandusky County Court of Common Pleas. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant, Joshua E. Jones, sets forth the following assignment of error:
 "ON A MOTION TO SUPPRESS THE EVIDENCE OF A WARRANTLESS STOP, WITHOUT AN ARREST, A TRIAL COURT ERRS WHEN THEY (SIC) LIMIT THE STANDARD FOR WARRANTLESS SEARCHES OF AN AUTOMOBILE TO JUST `PROBABLE CAUSE' WHEN THE STATE FAILS TO SHOW `EXIGENT CIRCUMSTANCES' JUSTIFYING THE LACK OF A SEARCH WARRANT."
The following facts are relevant to this appeal. Appellant was indicted on possession of cocaine. Appellant filed a motion to suppress. At the hearing on the motion to suppress, the detective who stopped appellant testified that a confidential informant had informed the detective that appellant had been selling a lot of crack cocaine. This informant, with whom the detective had been working for over a year and one-half and from whom the detective had obtained information which had resulted in seven or eight search warrants and arrests, had never provided false or inaccurate information. The week before the stop at issue, the informant also told the detective that appellant carried the cocaine in a black leather tote bag. The detective began surveillance on appellant.
On the day of the stop, the informant reported to the detective that the informant had recently seen appellant with a lot of drugs; that appellant was at a residence on a particular street; that appellant would not be at the residence long; and that appellant was driving a black Cadillac. The detective was one block away from the street where appellant was when the informant called him. The detective turned his vehicle onto that street and within one-half block, he saw the vehicle that the informant described. The vehicle was distinctive in that it was a 1987 Cadillac with chrome rims and smaller than usual tires. He turned his unmarked vehicle around and radioed for backup. He pulled his vehicle along side appellant's and then positioned his vehicle slightly in front of appellant's vehicle in order to stop the vehicle; there was one passenger.
As he approached the vehicle with his revolver drawn, the detective saw appellant move his right hand off the steering wheel; the detective ordered appellant to put his hands on the dash. When appellant removed his hand, the detective saw a black leather tote bag on the seat next to appellant. The detective thought appellant might have a weapon. For his safety, the detective put his gun alongside appellant's head and reached into the vehicle and grabbed the tote bag. He also grabbed the keys to the vehicle. The passenger voluntarily stated that the tote bag was not his but appellant's. The detective stated that he did not know what was in the bag and for his safety he had to get the bag. He placed the tote bag on the roof of the vehicle. After his backup arrived, he opened the tote bag and found a plastic bag with crack cocaine and appellant's driver's license and personal papers. The detective also testified that he did not have time to obtain a search warrant. The trial court denied appellant's motion to suppress, finding that there was probable cause to search appellant's black leather tote bag.
Following the denial of his motion to suppress, appellant pled no contest and was found guilty of a reduced charge of attempted possession of cocaine, a violation of R.C. 2925.11
and R.C. 2923.02, a felony in the second degree. Appellant filed a timely notice of appeal.
In his assignment of error, appellant argues that the trial court erred in denying his motion to suppress. This court finds no merit in this assignment of error. Appellant's argument overlooks the well established exception to warrants based upon probable cause that an automobile contains contraband, developed in Carroll v. United States (1925), 267 U.S. 132, and expanded in its progeny.
In a motion to suppress, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. Statev. Clay (1973), 34 Ohio St.2d 250. Accordingly, this court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Schiebel
(1990), 55 Ohio St.3d 71. Accepting those facts as true, this court must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. State v. Klein (1991), 73 Ohio App.3d 486,488; State v. Williams (1993), 86 Ohio App.3d 37, 41.
The cardinal principle of the Fourth Amendment is that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions." Katz v. United States (1967),389 U.S. 347, 357. One of the well-delineated exceptions to the Fourth Amendment mandates was established in Carroll v. UnitedStates (1925), 267 U.S. 132, wherein the United States Supreme Court pronounced the so-called automobile exception to the warrant requirement. The warrantless automobile search exception has been expanded in the progeny to Carroll.
The Carroll case involved a warrantless search of an automobile for "bootleg" whiskey during the prohibition era. The United States Supreme Court held that a warrantless search of an automobile stopped by police officers who had probable cause to believe the vehicle contained contraband was not unreasonable within the meaning of the Fourth Amendment. In the opinion, the Court, enunciating a general policy statement that citizens have a lesser expectation of privacy in their vehicles than in private dwellings, and have no degree of privacy when carrying contraband in such vehicles, stated:
 "* * * [T] he guaranty of freedom from unreasonable searches and seizures by the Fourth Amendment has been construed, practically since the beginning of the Government, as recognizing a necessary difference between a search of a store, dwelling house or other structure in respect of which a proper official warrant readily may be obtained, and a search of a ship, motor boat, wagon or automobile, for contraband goods, where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought." Id. at 153.
The Court in Carroll also stated "* * * if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of the circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid." Id. at 149.
In the progeny to Carroll, the Supreme Court has continued to emphasize as important that officers have probable cause to believe that the vehicle they search contains contraband. The court has repeatedly stated that probable cause must be based on objective facts that could justify the issuance of a warrant by a magistrate. See, United States v. Ross (1982),456 U.S. 798, 808.[1] In Ross, the Court held that where police officers have probable cause to search an entire vehicle, they may conduct a warrantless search of every part of the vehicle and its contents, including all movable containers and packages, that may logically conceal the object of the search.456 U.S. 798. See, also, California v. Acevedo (1991), 500 U.S. 565; Statev. Welch (1985), 18 Ohio St.3d 88, certiorari denied (1985),474 U.S. 1010.
The facts an officer relies upon to form either reasonable suspicion or probable cause may be supplied by others, as well as from personal observations. Adams v. Williams (1972),407 U.S. 143, 147. When a trial court evaluates whether an informant provides either reasonable suspicion or probable cause, the "totality of the circumstances" standard must be used.Illinois v. Gates (1983), 462 U.S. 213. Prior to Illinois v.Gates, a two-prong test was used whereby the court determined probable cause on the informant's "basis of knowledge" and the informant's "veracity" or the "reliability" of the informant's report. Aguilar v. Texas (1964), 378 U.S. 108, overruled byIllinois v. Gates, supra, and Spinelli v. United States (1969),393 U.S. 410, overruled by Illinois v. Gates, supra. The Court inIllinois v. Gates rejected this two-prong test and instituted the "totality of the circumstances" test in its place. Thus, the basis of knowledge and credibility or reliability of the informant are just two of the factors to be considered by the judge in determining whether probable cause exists to believe that evidence will be found in a particular place.
The United States Supreme Court in Adams v. Williams, (1972), 407 U.S. 143, in discussing reasonable suspicion and probable cause, stated:
 "* * * Informants' tips, like all other clues and evidence coming to a policeman on the scene, may vary greatly in their value and reliability. * * * Some tips, completely lacking in indicia of reliability, would either warrant no police response or require further investigation before a forcible stop of a suspect would be authorized. But in some situations — for example, * * * when a credible informant warns of a specific impending crime — the subtleties of the hearsay rule should not thwart an appropriate police response. * * *
 "* * * Probable cause to arrest depends `upon whether, at the moment the arrest was made . . . the facts and circumstances within [the arresting officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense. (Citation omitted.) * * * Probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction. (Citation omitted.) Rather, the court will evaluate generally the circumstances at the time of the arrest to decide if the officer had probable cause for his action:
 "`In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' (Citation omitted.)" Id. at 147-149.
Reliability and basis for knowledge of the informant are two factors to be considered in the totality of the circumstances test of Illinois v. Gates. In Adams, 407 U.S. at 147, the court held that in assessing an informant's tips, each case must be decided on its own unique circumstances and any attendant indicia of reliability. In this case, the detective provided a factual basis for the informant's reliability and established his basis for knowledge as well as the detective's testimony regarding his knowledge of appellant.
In State v. Andrews (1991), 57 Ohio St.3d 86, 87-89, the Ohio Supreme Court stated:
 "* * * Furthermore, the standard against which the facts [that warrant a stop to investigate] are judged must be an objective one: `[W]ould the facts available to the officer at the moment of the seizure or the search "warrant a man of reasonable caution in the belief" that the action taken was appropriate?' (Citation omitted.)
 "* * * [A totality of the surrounding circumstances is] to be viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold. (Citations omitted.) A court reviewing the officer's actions must give due weight to his experience and training and view the evidence as it would be understood by those in law enforcement. (Citation omitted.)"
In this case, the initial stop of appellant's car was justified since the detective had an articulable and reasonable suspicion that appellant was engaged in illegal activity based upon the confidential informant's information. Terry v. Ohio
(1968), 392 U.S. 1, 19-20 (Officer may reasonably conduct an investigatory stop if he can, "* * * point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant" the stop.); Delaware v.Prouse (1979), 440 U.S. 648, 653; State v. Andrews (1991), 57 Ohio St.3d 86,87. The detective had probable cause to believe that contraband was concealed in the black leather tote bag based on the confidential informant's information. The detective testified that he received numerous tips from a reliable informant that appellant had been selling a lot of crack cocaine; that appellant kept the drugs in a black leather tote bag; that appellant was at a given residence at a specific time with such drugs; that appellant would not be at the residence long; and that this informant had provided much past reliable information. A few minutes later, appellant, who was known to the detective, was seen by the detective in a vehicle matching the description given to the detective at the predescribed location. Upon stopping and approaching the automobile, the detective noticed appellant move his hand toward an object. Once the detective ordered appellant to remove his hand, the detective saw the black leather tote bag. The totality of these facts and circumstances clearly established probable cause for the warrantless search of the black leather tote bag. United States v. Ross (1982), 456 U.S. 798; State v.Welch (1985), 18 Ohio St.3d 88, certiorari denied (1985),474 U.S. 1010.
On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Sandusky County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs for this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., JUDGE
Melvin L. Resnick, J., JUDGE
Richard W. Knepper, J., JUDGE
CONCUR.
[1] In Ross, the Court stated that "the probable cause determination must be based on objective facts that could justify the issuance of a warrant by a magistrate and not merely on the subjective good faith of the police officers. `[As] we have seen, good faith is not enough to constitute probable cause. That faith must be grounded on facts within the knowledge of the [officer], which in the judgment of the court would make his faith reasonable.'" (Citation omitted.) 456 U.S. at 808.