[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1 (E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2 (G) (1).
The record shows that the police had probable cause to arrest appellant and to believe that he had a weapon in his automobile at the time of the search. Consequently, the warrantless search of appellant's vehicle and the seizure of a firearm found in the glove compartment were justified under the exceptions to the warrant requirement for automobile searches and searches incident to arrest. See California v. Acevedo (1991),500 U.S. 565, 111 S.Ct. 1982; United States v. Ross (1982),456 U.S. 798, 102 S.Ct. 2157; New York v. Belton (1981), 453 U.S. 454,101 S.Ct. 2860; State v. Brown (1992), 63 Ohio St.3d 349,588 N.E.2d 113; State v. Welch (1985), 18 Ohio St.3d 88,480 N.E.2d 384; State v. Hill (Feb. 19, 1999), Hamilton App. No. C-971098, unreported. We overrule appellant's sole assignment of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.
 To the Clerk:
Enter upon the Journal of the Court on November 3, 1999
per order of the Court _______________________________. _______________________________________________ Presiding Judge