OPINION
Plaintiff-appellant State of Ohio appeals the November 7, 2001 Judgment Entry of the Licking County Court of Common Pleas which granted the motion to dismiss filed by defendant-appellee Travis Evans.
 STATEMENT OF THE CASE AND FACTS
On July 7, 2001, Officer Jemey Boubary of the Utica Police Department was on routine patrol on Black Snake Road. At approximately 7:45 a.m., Officer Boubary observed a vehicle operated by appellee traveling at a high rate of speed in a posted 25 mph zone. By the time Officer Boubary activated his radar unit, appellee was traveling 33 mph. However, the radar then indicated the vehicle slowed to 31 mph. Officer Boubary initiated a traffic stop.
During the traffic stop, Officer Boubary found the vehicle's registration had expired. When the officer asked appellee for his license and registration, appellee advised him he did not have his license. Dispatch advised Officer Boubary appellee's license was under suspension. Thereafter, Officer Boubary informed appellee he would impound appellee's vehicle.
At appellee's request, Officer Boubary permitted appellee to retrieve a few items from the vehicle. Appellee retrieved a folder containing CDs and a fanny pack. Appellee quickly placed the fanny pack in a thin white bag and tied the bag shut. Officer Boubary escorted appellee to the cruiser, instructing appellee to place the bag on the hood of the cruiser. When appellee was safely in the cruiser. Officer Boubary asked if there was anything illegal in the white bag.
Officer Boubary searched the bag and fanny pack, and found a glass tube with white film on the inside; a glass tube with a dark; dried substance on the inside; a small glass vial that contained an unknown powdery substance; numerous clear sealable baggies; a tin with wood style oven matches, and two straws containing a white powder. Officer Boubary then impounded the vehicle.
The Utica Police Department does not have a written policy regarding the impound and inventory of vehicles. However, Officer Boubary testified its oral policy requires officers to inventory a vehicle prior to impound, or as is feasible. If it is not feasible to search a vehicle prior to impoundment, the officer is to complete the inventory when it became feasible. Officer Boubary determined it was not feasible to inventory the vehicle prior to impoundment based upon road and traffic danger, coupled with the numerous items in the vehicle.
At 8:40 a.m., Officer Boubary initiated the inventory search of appellee's vehicle at the impound lot. During this inventory, the officer searched the vehicle only for large, easily identifiable items. At some point, Officer Boubary stopped the inventory in order to process appellee and the paperwork surrounding appellee's arrest.
After releasing appellee and completing the paperwork, Officer Boubary returned to the vehicle impound lot to complete the inventory. At approximately 1:45 p.m., Officer Boubary completed the inventory search. In the second portion of the search, Officer Boubary found a small sealable baggy containing white powder in the ashtray. The white powder was later confirmed to be amphetamine by the City of Newark Forensic's Laboratory.
On August 23, 2001, appellee was indicted for aggravated possession of drugs and possession of drug paraphernalia. On September 4, 2001, appellee appeared before the trial court and entered a plea of not guilty to both charges. Thereafter, on October 2, 2001, appellee filed a motion to suppress. The trial court conducted a hearing on the motion on October 24, 2001.
After considering the arguments of counsel and evidence presented, the trial court denied appellee's motion to suppress in part and granted it in part. The trial court found the search yielding the illegal contraband found in the fanny pack was constitutionally permissible as a search incident to a lawful arrest. Further, the trial court also found the initial inventory of appellee's vehicle at 8:40 a.m. was constitutionally permissible. However, the trial court found the continuation of the search later the same day was improper and suppressed evidence obtained therefrom. It is from this judgment entry appellant prosecutes its appeal, assigning the following as error:
 I. WHETHER THE TRIAL COURT IMPROPERLY SUPPRESSED EVIDENCE IN FINDING THAT THE INITIAL PROBABLE CAUSE SEARCH OF THE VEHICLE AT 8:40 DID NOT EXTEND TO A CONTINUATION OF THE SEARCH LATER AT 1:45.
 II. WHETHER THE TRIAL COURT ERRORED [SIC] IN FINDING THAT THE INVENTORY COMPLETED AT 1:45 WAS IMPROPER BECAUSE IT WAS NOT AN IMMEDIATE INVENTORY OF THE VEHICLE.
 I, II
In appellant's first assignment of error, it maintains the trial court improperly suppressed evidence when it found the initial probable cause to search the vehicle at 8:40 did not extend to a continuation of the search later at 1:45. In appellant's second assignment of error, it maintains the trial court erred in finding the inventory completed at 1:45 was improper because it was not conducted immediately. We agree with appellant's contentions.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence.[1] Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law.[2] Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case.[3] As the United States Supreme Court held in Ornelas v. U.S.[4], ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
In its November 7, 2001 Judgment Entry granting appellant's motion to suppress in part, the trial court made four conclusions of law. First, the trial court found the contraband found in the fanny pack was constitutionally permissible as a search incident to a lawful arrest. Second, the trial court concluded the initial inventory of appellee's vehicle at 8:40 was constitutionally permissible as an inventory of the vehicle. Third, the trial court found the second inventory conducted at 1:45, was an improper inventory. Therefore, the trial court's suppressed the contraband found during this second inventory. Finally, the trial court concluded the automobile exception did not apply in this case to the search of the vehicle at the impound lot at either 8:40 or 1:45. For this proposition, the trial court cited Maryland v. Dyson.[5]
We disagree with the trial court's fourth conclusion of law and find the automobile exception applied to the facts as stated pursuant toMaryland v. Dyson and Florida v. Meyers.[6]
In Florida v. Meyers, a defendant was arrested for sexual battery and his car was impounded.[7] Immediately after the defendant's arrest, the police officer searched his automobile and seized several items.[8]
Nearly eight hours after the car was impounded, an officer searched the car for a second time without obtaining a warrant. This second search produced additional evidence. The United States Supreme Court upheld the second search of the vehicle finding "the justification to conduct such a warrantless search does not vanish once the car has been immobilized."[9]
Further, in Dyson, supra, the United States Supreme Court, in a per curium decision, stated:
 In this case, the court of special appeals found that there was "abundant probable cause" that the car contained contraband. This finding alone satisfies the automobile exception to the fourth amendment's warrant requirement, a conclusion correctly reached by the trial court when it denied respondent's motion to suppress. The holding of the court of special appeals that the "automobile exception" requires a separate finding of exigency in addition to a finding of probable cause is squarely contrary to our holdings in Ross and Labron.[10]
Of specific importance herein is the fact the United States Supeme Court stated the automobile exception has no separate exigency requirement.[11] Accordingly, our analysis begins and ends with whether Officer Boubary had probable cause to search appellant's vehicle.
The parties do not dispute Officer Boubary validly stopped appellant's vehicle for a traffic violation. However, to search appellant's vehicle, Officer Boubary needed probable cause, a term that has been defined as "`a reasonable ground for belief of guilt.'"[12] Probable cause must be based upon objective facts that would justify the issuance of a warrant by a magistrate.[13]
As set forth in the Statement of the Facts and Case, supra, Officer Boubary permitted appellant to remove some personal items from his vehicle before placing him in the squad car. Appellee took a fanny pack, which he placed into a thin white bag and then tied shut. We find Officer Boubary had probable cause to search appellee's vehicle after he opened the white plastic bag and the fanny pack and discovered contraband.
Because we found Officer Boubary had probable cause to search appellee's vehicle, we find the automobile exception applies.[14]
Accordingly, appellant's first assignment of error is sustained. In light of our disposition of appellant's first assignment of error, we find appellant's second assignment of error to be moot.
The November 7, 2001 Judgment Entry of the Licking County Court of Common Pleas is reversed in part. This matter is remanded to the trial court for further proceedings consistent with this opinion and the law.
By: HOFFMAN, P.J., FARMER, J. and BOGGINS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is reversed in part and remanded to the trial court for further proceedings in accordance with our opinion and the law. Costs assessed to appellee.
[1] See: State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein
(1991), 73 Ohio App.3d 486, State v. Guysinger (1993),86 Ohio App.3d 592.
[2] See: State v. Williams (1993), 86 Ohio App.3d 37.
[3] State v. Curry (1994), 95 Ohio App.3d 93, 96, State v. Claytor
(1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908, and State v.Guysinger (1993), 86 Ohio App.3d 592.
[4] Ornelas v. U.S. (1996), 116 S.Ct. 1657.
[5] Maryland v. Dyson (1999), 527 U.S. 456.
[6] Florida v. Meyers (1984), 466 U.S. 380.
[7] Id. at 382.
[8] Id.
[9] Id. quoting Michigan v. Thomas (1982), 458 U.S. 259.
[10] Id. at 467.
[11] Id. at 466.
[12] Carroll v. United States (1925), 267 U.S. 132, 161, 45 S.Ct. 280,288, 69 L.Ed. 543, 555.
[13] State v. Welch (1985), 18 Ohio St.3d 88, 92, 18 OBR 124, 127,480 N.E.2d 384, 387.
[14] Dyson, supra.