DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant the City of Akron has appealed from a decision of the Akron Municipal Court that granted Defendant-Appellee's motion to suppress evidence. This Court affirms.
 I {¶ 2} On February 21, 2004, a complaint was issued in Akron Municipal Court against Appellee for drug abuse, in violation of Akron City Code Section 138.10. On February 23, 2004 a complaint was issued in Akron Municipal Court against Appellee for possession of drug paraphernalia and drug abuse, in violation of Akron City Code Sections 138.10 and 138.28. The cases were consolidated. On February 27, 2004, Appellee pleaded "not guilty" to all three charges. On April 2, 2004, Appellee filed a motion to suppress "any and all evidence obtained" in her case. Appellee argued that she did not give consent for the warrantless search of her apartment and that she was not properly notified of her rights against self-incrimination.
 {¶ 3} On April 6, 2004, the trial court conducted a hearing on Appellee's motion to suppress. The hearing concerned the events of February 21, 2004 which led to the Akron Police Department ("APD") obtaining a search warrant for February 23, 2004. Officer Schismenos of the APD was the sole witness and testified for the City.
 {¶ 4} On April 9, 2004, the trial court issued its ruling on Appellee's motion to suppress the evidence against her. Based on the testimony of Officer Schismenos, the trial court made the following findings of fact. Officer Schismenos was patrolling the Midtown Apartments on February 21, 2004 when he knocked on several doors. He knocked on Appellee's door and "noticed a strong smell of marijuana coming from [her] room." After Appellee opened the door, Officer Schismenos notified her that she was under arrest for drug abuse of marijuana. He told Appellee that he knew she was smoking marijuana and asked her if she had any more. "[Appellee] indicated that she was not smoking marijuana and she did not have any marijuana."
 {¶ 5} The trial court continued its statement of the facts, finding the following. Officer Schismenos asked Appellee about the location of the marijuana roach. Officer Schismenos testified that Appellee told him the roach was in the trash, but when she showed him the trashcan it was empty. "Officer Schismenos state[d] that he informed [Appellee] that she was under arrest for marijuana-drug abuse after [Appellee] retrieved the `roach' from her apartment." Appellee denied Officer Schismenos consent to enter her apartment and when she tried to close the door, he prevented her from doing so. "Officer Schismenos then entered [Appellee's] apartment and conducted a search." Officer Schismenos testified that "he pursued [Appellee] into her apartment believing that she would be a threat to his safety and would destroy [any] remaining evidence."
"As Officer [Schismenos] pursued [Appellee] into her apartment, he observed one marijuana seed, marijuana `shake' or loose marijuana on [Appellee's] chest of drawers and other indicators of drug activity, specifically, a piece of paper folded into a `bindle' and a film container, on the dresser."
 {¶ 6} The trial court found that after Officer Schismenos made the above observations he issued Appellee a citation for drug abuse of marijuana. Officer Schismenos then obtained a search warrant to search Appellee's apartment "based on what he discovered on February 21, 2004." The search warrant was executed on February 23, 2004, and the police discovered a "crack pipe, other drug paraphernalia, prescription pill bottles, marijuana residue, and crack pipe holders." Officer Schismenos then issued Appellee a citation for possession of marijuana and drug paraphernalia.
 {¶ 7} The trial court found that a conviction of drug abuse of marijuana, which is a minor misdemeanor, "does not constitute a criminal record." The trial court ruled that:
"Because [Appellee] attempted to close her door, this terminated [Appellee and Officer Schismenos'] consensual encounter and communicated her lack of consent to any further intrusion by Officer Schismenos. Officer Schismenos' warrantless entry was not made reasonable by the `hot pursuit' exception. [Appellee] remained inside her apartment during the entire encounter with Officer Schismenos, therefore she was never in a public place from which a retreat into her home would invoke the `hot pursuit['] exception. Officer's Schismenos' warrantless entry was not justified by exigent circumstances." (Citations omitted).
 {¶ 8} The trial court found that "since Officer Schismenos was prohibited" from arresting Appellee for the minor misdemeanor, "he was also prohibited from conducting a warrantless search incident to arrest."
 {¶ 9} The trial court held that:
"Officer Schismenos failed to inform [Appellee] of her Miranda rights against self-incrimination, which rendered Officer [Schismenos'] alleged search incident to arrest, violative of [Appellee's] constitutionally protected Fourth and Fifth Amendment rights to be free from unreasonable search and seizure and compelled self-incrimination." (Citations omitted).
 {¶ 10} The trial court also found that the items found during the February 23, 2004, warranted search and seizure to be "fruit of the poisonous tree." The trial court granted Appellee's motion to suppress. The City has timely appealed, asserting one assignment of error.
 II Assignment of Error Number One
"The trial court erred in granting [appellee's] motion to suppress."
 {¶ 11} The City has argued that the trial court erred in granting Appellee's motion to suppress the evidence found on February 21, 2004 and February 23, 2004. Specifically, the City has argued that Officer Schismenos' entry into Appellee's apartment was based on probable cause and that the evidence was seized under the "plain view" exception to the "warrant requirement contained in the Fourth Amendment." We disagree.
 {¶ 12} An appellate court's review of a trial court's ruling on a motion to suppress presents a mixed question of law and fact. State v.Long (1998), 127 Ohio App.3d 328, 332. The trial court acts as the trier of fact during a suppression hearing, and is therefore best equipped to evaluate the credibility of witnesses and resolve questions of fact. State v. Hopfer (1996), 112 Ohio App.3d 521, 548, appeal not allowed (1996), 77 Ohio St.3d 1488, quoting State v. Venham (1994),96 Ohio App.3d 649, 653. Accordingly, this Court accepts the trial court's findings of fact so long as they are supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592, 594. "The trial court's legal conclusions, however, are afforded no deference, but are reviewed de novo." State v. Russell (1998),127 Ohio App.3d 414, 416. (Italics sic).
 {¶ 13} The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, prohibits unreasonable searches and seizures. See Maryland v. Buie (1990),494 U.S. 325, 331, 110 S.Ct. 1093, 108 L.Ed.2d 276, certiorari denied (1991), 498 U.S. 1106, 111 S.Ct. 1011, 112 L.Ed.2d 1094. Section 14, Article I of the Ohio Constitution has nearly identical language to theFourth Amendment and similarly prohibits unreasonable searches and seizures. State v. Kinney (1998), 83 Ohio St.3d 85, 87, certiorari denied (1999), 526 U.S. 1007, 119 S.Ct. 1148, 143 L.Ed.2d 214.
 {¶ 14} For a search or seizure to be reasonable under theFourth Amendment, it must be based upon probable cause and executed pursuant to a warrant, unless an exception to the warrant requirement applies. Katzv. United States (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576;State v. Brown (1992), 63 Ohio St.3d 349, 350. Probable cause has been defined as "a reasonable ground for belief of guilt." State v. Moore
(2000), 90 Ohio St.3d 47, 49, certiorari denied (2001), 532 U.S. 908,121 S.Ct. 1234, 149 L.Ed.2d 142. (Quotations and citations omitted). Probable cause "must be based upon objective facts that would justify the issuance of a warrant by a magistrate." Id., citing State v. Welch
(1985), 18 Ohio St. 3d 88, 92.
 {¶ 15} "In the absence of a warrant or consent, the entrance of a police officer into a private home is presumptively unreasonable. City ofAkron v. Price (1999), 134 Ohio App.3d 464, 467. (Quotations and citations omitted). If the State failed to obtain a search warrant, it bears the burden of demonstrating that the warrantless search falls within one of the established exceptions. State v. Kessler (1978),53 Ohio St.2d 204, 207, citing State v. Call (1965), 8 Ohio App.2d 277,288. If the search or seizure is deemed unreasonable, the evidence seized must be suppressed. Mapp v. Ohio (1961), 367 U.S. 643, 657,81 S.Ct. 1684, 6 L.Ed.2d 1081.
 {¶ 16} The Ohio Supreme Court has explicitly recognized seven exceptions to the warrant requirement for a reasonable search. Those exceptions are:
"(a) [a] search incident to a lawful arrest; (b) consent signifying waiver of constitutional rights; (c) the stop-and-frisk doctrine; (d) hot pursuit; (e) probable cause to search, and the presence of exigent circumstances; (f) the plain view doctrine; or (g) an administrative search." Price, 134 Ohio App.3d at 467. (Quotations and citations omitted).
 {¶ 17} "[E]xigent circumstances generally must include the necessity for immediate action that will `protect or preserve life or avoid serious injury,' or will protect a governmental interest which outweighs the individual's constitutionally protected privacy interest." Id., citingMincey v. Arizona (1978), 437 U.S. 385, 392-393, 98 S.Ct. 2408,57 L.Ed.2d 290, certiorari denied (1984), 469 U.S. 1040, 105 S.Ct. 521,83 L.Ed.2d 409; U.S. v. Rohrig (C.A. 6, 1996), 98 F.3d 1506, 1515-18.
 {¶ 18} While the City has not challenged the factual determinations made by the trial court, this Court finds that the findings of fact of the trial court are supported by competent, credible evidence. Based upon said facts, we conduct a de novo review, as a matter of law, to determine whether the circumstances of this case justified the warrantless entry. The City has argued that the trial court erred when it found that Officer Schismenos' entry into Appellee's home "amounted to a warrantless search" because said entry was based on a valid arrest pursuant to R.C. 2935.03, which describes an officer's authority to execute a warrantless arrest. Appellee has argued that the trial court was correct in granting the motion to suppress because the entry was not based on a valid arrest or any other exception to the warrant requirement. We agree with Appellee.
 {¶ 19} This Court finds that the City had no authority to arrest Appellee for her actions on February 21, 2004, not even under R.C. 2935.03. The City has argued that pursuant to R.C. 2935.03, it was authorized to arrest Appellee because she refused to sign the citation for drug abuse of marijuana. But the City ignores the fact that the findings of fact and the record are void of any evidence that Appellee refused to sign the citation. In fact, there is no evidence or finding that Officer Schismenos ever attempted to give Appellee the citation before he entered her home. To the contrary, the findings of fact state that Appellee received the citation after the officer had already entered her home. Further, Appellee was not arrested on February 21, 2004. Accordingly, the City's argument that the entry and search was based on a valid arrest fails because no arrest was made.
 {¶ 20} While not formally argued in its brief, the City argued during oral arguments that the entry and search of Appellee's home was justified due to exigent circumstances. Based on the record before this Court, we find that Officer Schismenos' blanket unsupported and unexplained statement that he believed Appellee would be a threat to his safety or would destroy evidence is not enough to support the exigent circumstances exception to the warrant requirement. The findings of fact do not establish a basis for Officer Schismenos' belief or contain any information to support his assertion. Rather, the findings show that Appellee cooperated with Officer Schismenos up until she refused to give him consent to search her home, which is a right she was entitled to invoke. Further, according to the findings of fact, Officer Schismenos already had the marijuana roach when he entered Appellee's apartment; therefore, he had enough evidence to issue the citation and possibly obtain a search warrant. While an officer's testimony may contain the appropriate language or "buzz" words to raise the issue of exigent circumstances, allowing an unsupported and unexplained assertion by an officer to establish exigent circumstances would circumvent the constitutional protections and rights afforded all citizens. This Court finds that the City failed to establish the exigent circumstances exception to the warrant requirement.
 {¶ 21} Further, this Court notes that Officer Schismenos was not authorized to keep Appellee from closing her door. Appellee's attempt to close her door constituted a termination of the consensual encounter, and an assertion of her Fourth Amendment rights. See State v. Cummings (Jan. 16, 2002), 9th Dist. No. 20609, at 8. Officer Schismenos was not justified in entering Appellee's home without a warrant or an exception to the warrant requirement. Id. As previously discussed, the City has failed to establish an exception to the warrant requirement. Accordingly, we find that Appellee's motion to suppress was properly granted and that any evidence seized on February 21, 2004 and February 23, 2004 was the result of an unreasonable search and seizure and therefore, "fruit of the poisonous tree." State v. Carter (1994),69 Ohio St.3d 57, 67.
 {¶ 22} For the foregoing reasons, this Court finds that the trial court did not err in granting Appellee's motion to suppress. The City's sole assignment of error lacks merit.
 III {¶ 23} The City's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, J., Batchelder, J. Concur.