[Cite as *State v. Gurley*, 2019-Ohio-3824.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 18CA011431 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| NORMAN M. GURLEY | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 13CR088488 |

DECISION AND JOURNAL ENTRY

Dated: September 23, 2019

CALLAHAN, Presiding Judge.

{¶1} Appellant, Norman Gurley, appeals his conviction by the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} On November 19, 2013, Ohio State Highway Patrol Sergeant Neil Laughlin initiated a traffic stop of a vehicle driven by Mr. Gurley. Sergeant Laughlin searched the vehicle after he noted a strong odor of raw marijuana and saw plant matter strewn throughout the vehicle. During the search, Sergeant Laughlin noticed aftermarket wiring that connected a release mechanism near the driver's seat to the area behind the vehicle's rear seats. When Sergeant Laughlin followed the wiring to its source, he discovered a hidden compartment between the rear seats and the trunk. He smelled the odor of raw marijuana emanating from the hidden compartment and noticed additional particles of raw marijuana plants in the compartment itself.

{¶3}    Mr. Gurley was charged with designing or operating a vehicle with a hidden compartment used to transport a controlled substance in violation of R.C. 2923.241(C), a fourth-degree felony.  He moved to suppress all of the evidence gained as a result of the traffic stop, arguing that Sergeant Laughlin did not have a reasonable suspicion of criminal activity that justified the stop in the first instance and, in the alternative, that Sergeant Laughlin did not have probable cause to search the vehicle.  The trial court denied the motion.  A jury found Mr. Gurley guilty, and the trial court placed him on community control for two years.  Mr. Gurley appealed.

### ASSIGNMENT OF ERROR NO.

THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE.

{¶4}    In his first assignment of error, Mr. Gurley argues that the trial court erred by concluding that Sergeant Laughlin had a reasonable suspicion of criminal activity to justify the traffic stop and that the search of his vehicle was supported by probable cause.  This Court disagrees.

{¶5}    This Court's review of the trial court's ruling on the motion to suppress presents a mixed question of law and fact.  *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.  The trial court acts as the trier of fact during a suppression hearing and is best equipped to evaluate the credibility of witnesses and resolve questions of fact.  *Id.*; *State v. Hopfer*, 112 Ohio App.3d 521, 548 (2d Dist.1996), quoting *State v. Venham*, 96 Ohio App.3d 649, 653 (4th Dist.1994).  Consequently, this Court accepts a trial court's findings of fact if supported by competent, credible evidence.  *Burnside* at ¶ 8.  Once this Court has determined that the trial court's factual findings are supported by the evidence, we consider the trial court's legal conclusions de novo.  *See id.*  In other words, this Court then accepts the trial court's findings of

fact as true and "must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id*., citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).

{¶6} The investigatory stop of an automobile is a seizure for purposes of the Fourth Amendment and, consequently, must be based on a law enforcement officer's reasonable suspicion "that a motorist has committed, is committing, or is about to commit a crime." *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, ¶ 7, citing *Delaware v. Prouse*, 440 U.S. 648, 663 (1979). In justifying the stop, the officer "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. 1, 21 (1968). The touchstone of this analysis is whether the officer acted reasonably. *State v. Lozada*, 92 Ohio St.3d 74, 78 (2001). This question is evaluated in light of the totality of the circumstances surrounding the stop. *State v. Freeman*, 64 Ohio St.2d 291 (1980), paragraph one of the syllabus. "[W]here an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid regardless of the officer's underlying subjective intent or motivation for stopping the vehicle in question." *Dayton v. Erickson*, 76 Ohio St.3d 3, 11-12 (1996).

{¶7} With respect to the initial traffic stop, the trial court found that Sergeant Laughlin observed Mr. Gurley traveling above the posted speed limit and following too closely behind another vehicle. The trial court noted that Sergeant Laughlin's dashboard camera video began recording when Sergeant Laughlin activated his overhead lights, but that it was not apparent from the video whether Mr. Gurley was speeding or whether the distance between his vehicle and the one immediately in front of it was appropriate. Nonetheless, the trial court noted that

Sergeant Laughlin used his radar to determine the speed at which Mr. Gurley's car was traveling and, after catching up to Mr. Gurley in his cruiser, visually noted that Mr. Gurley's vehicle was not maintaining an assured clear distance behind the vehicle in front of it.

{¶8} Mr. Gurley maintains that the trial court's findings regarding the traffic violations are not supported by competent, credible evidence. Specifically, he suggests that the dashboard camera video "contradicts" Sergeant Laughlin's testimony because it shows that Mr. Gurley's vehicle was traveling at a rate of speed consistent with the traffic around him and that he did not fail to maintain an assured clear distance. As the trial court noted, however, Sergeant Laughlin did not rely solely upon his visual estimation of Mr. Gurley's speed, but determined using radar that he was traveling in excess of the speed limit posted on the Turnpike. The video also does not definitely show that Mr. Gurley maintained an assured clear distance from the vehicle in front of him: the relative positions of the cars are indistinct until Sergeant Laughlin moves into the lane immediately behind Mr. Gurley's vehicle, at which time it appears that the distance between the two vehicles may have increased slightly. Sergeant Laughlin's explanation on this point is instructive. He testified that the perspective obtained from the mounted dashboard camera is akin to "looking through a straw" because the camera is "forward facing only, and it has a small pan of vision to the sides." He also noted that the camera is "more limited in the aspect of distance forward."

{¶9} When a dashboard camera video is unclear but does not contradict the testimony of a law enforcement officer, it is not unreasonable for a trial court to conclude that the officer's in-person view differs from the point-of-view depicted in the video under the circumstances. *State v. Panaro*, 9th Dist. Medina No. 16CA0067-M, 2018-Ohio-1005, ¶ 13. Given Sergeant Laughlin's explanation, therefore, the trial court's findings are supported by competent, credible

evidence. The trial court did not err by concluding that the two traffic violations that Sergeant Laughlin observed provided him with the reasonable suspicion required to initiate a traffic stop of Mr. Gurley's vehicle. *See Erickson*, 76 Ohio St.3d at 11-12.

{¶10} Mr. Gurley also argues that Sergeant Laughlin did not have probable cause to search the vehicle that he was driving. The warrantless search of an automobile is not unreasonable for purposes of the Fourth Amendment when the law enforcement officers who conduct the search have probable cause to believe that the vehicle contains contraband. *State v. Welch*, 18 Ohio St.3d 88, 91-92 (1985), citing *Carroll v. United States*, 267 U.S. 132, 153 (1925). Probable cause consists of "'a reasonable ground for belief of guilt.'" *State v. Moore*, 90 Ohio St.3d 47, 49 (2000), quoting *Carroll* at 161. It must be "based upon objective facts that would justify the issuance of a warrant by a magistrate." *Moore* at 49, citing *Welch* at 92.

{¶11} The Ohio Supreme Court has recognized that when a law enforcement officer who is trained and experienced in the detection of marijuana notes the odor of marijuana, the officer has probable cause to conduct a reasonable search of the passenger compartment of a vehicle. *See Moore* at 50-51. *Compare State v. Farris*, 109 Ohio St.3d 519, 2006-Ohio-3255, ¶ 50-52 (noting that the holding in *Moore* does not extend to searching the trunk of a vehicle). Mr. Gurley maintains that the trial court erred by denying his motion to suppress because the odor of raw marijuana, standing alone, does not establish probable cause to search a vehicle. In support of his argument, he notes that in *Moore*, the Ohio Supreme Court dealt specifically with the odor of burnt marijuana, and he urges this Court to distinguish this case from *Moore* on that basis. We need not consider that distinction in this case, however, because the trial court's determination that Sergeant Laughlin had probable cause to search his vehicle was not based solely upon the odor of raw marijuana, but also upon Sergeant Laughlin's visual observations

that plant matter identifiable as marijuana was strewn throughout the vehicle, that the occupants of the vehicle were acting unusually nervous, and that the passenger had made furtive movements before the car came to a stop.

{¶12} The trial court did not err by denying Mr. Gurley's motion to suppress. His first assignment of error is overruled.

### ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED WHEN IT DENIED THE DEFENDANT'S RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL OF THE HIDDEN COMPARTMENT CONVICTION.

{¶13} Mr. Gurley's second assignment of error argues that his conviction is based on insufficient evidence. This Court does not agree.

{¶14} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009–Ohio–6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). In reviewing the evidence, we do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id*.

{¶15} R.C. 2923.241(C), which prohibits designing or operating a vehicle with a hidden compartment used to transport a controlled substance, provides that "[n]o person shall knowingly operate, possess, or use a vehicle with a hidden compartment with knowledge that the hidden compartment is used or intended to be used to facilitate the unlawful concealment or

transportation of a controlled substance." A "hidden compartment" is defined as "a container, space, or enclosure that conceals, hides, or otherwise prevents the discovery of the contents of the container, space, or enclosure." R.C. 2923.241(A)(2). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).[1]

{¶16}   Mr. Gurley maintains that the evidence does not support a conviction under R.C. 2923.241(C) because the State did not prove that he had knowledge that the vehicle contained a secret compartment intended to transport contraband. This Court has observed that "'[w]hen the defendant's culpable mental state is in issue, the proof of a mental state must be derived from circumstantial evidence, as direct evidence will not be available.'" *State v. Syed*, 9th Dist. Medina Nos. 17CA0013-M, 17CA0014-M, 2018-Ohio-1438, ¶ 23, quoting *State v. Flowers*, 9th Dist. Lorain No. 03CA008376, 2004-Ohio-4455, ¶ 15. In this respect, we note the well-established principle that "[c]ircumstantial evidence and direct evidence inherently possess the same probative value[.]" *Jenks* at paragraph one of the syllabus.

{¶17}  Sergeant Laughlin testified that the hidden compartment opened by means of an electronic mechanism activated by a button located near the driver's seat in conjunction with a modification to the seat control lever. According to his testimony, the button "[stuck] straight out where basically your right leg would be" in the driver's compartment and was clearly visible. He also noted wear on the driver's seat near the button that indicated that it had been used "multiple times." In addition to the hidden compartment, Sergeant Laughlin noted marijuana

---

[1] R.C. 2901.22(B) was amended in 2015, after the crime at issue in this case. The amendment removed gender-specific language, but the substance did not change.

plant matter scattered throughout the vehicle, as well as in and around the hidden compartment. He also discovered a suitcase in the trunk of the vehicle that contained a vacuum food sealer, multiple rolls of bags for use with the sealer, carbon paper, tape, and scissors. He explained that these items were significant because drugs are often vacuum-sealed in plastic bags for transport and "harder drugs" are frequently wrapped in carbon paper. In the suitcase with these items, Sergeant Laughlin found several items of men's clothing in sizes 2X and 3X. Mr. Gurley stands six feet, five inches tall and weighs 230 pounds.

{¶18} When asked who owned the vehicle that he was driving, Mr. Gurley initially told Sergeant Laughlin that it was owned by his girlfriend, but that he usually drove it. His story changed, however, when Sergeant Laughlin confronted him about the hidden compartment. Sergeant Laughlin testified that at that point, Mr. Gurley explained that it belonged to a female with whom he had a physical—but not romantic—relationship, then retreated from that explanation. Mr. Gurley later explained that he "[didn't] really know her" and had borrowed the car because his own vehicle needed repair. According to Sergeant Laughlin, Mr. Gurley denied that he knew how to contact the woman.

{¶19} This circumstantial evidence tends to demonstrate that Mr. Gurley knew that the hidden compartment existed, given that he originally told Sergeant Laughlin that he usually drove the vehicle and Sergeant Laughlin's observation that the mechanism for the hidden compartment was conspicuous in the driver's compartment and well-worn from use. The evidence also tends to demonstrate that Mr. Gurley knew that the hidden compartment was used or intended to be used to transport drugs: marijuana plant matter was strewn throughout the vehicle, including in and around the hidden compartment, and packaging materials commonly used to transport drugs were found in a suitcase with clothing consistent with Mr. Gurley's build.

The trier of fact could, therefore, reasonably conclude that Mr. Gurley operated a vehicle with a hidden compartment used to transport a controlled substance beyond a reasonable doubt.

{¶20} Mr. Gurley's second assignment of error is overruled.

**ASSIGNMENT OF ERROR NO. 3**

THE APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶21} In his final assignment of error, Mr. Gurley argues that his conviction is against the manifest weight of the evidence. When considering whether a conviction is against the manifest weight of the evidence, this Court must:

> review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983).

{¶22} As in his second assignment of error, the premise for Mr. Gurley's manifest weight argument is that the State could not demonstrate that he had knowledge that the hidden compartment was intended to transport drugs. Specifically, he maintains that the fact that he did not own the vehicle required the State to "present evidence which squarely bears on the issue of knowledge[.]" In other words, it is Mr. Gurley's position that the State could not rely on circumstantial evidence to demonstrate his knowledge. As noted above, however, this Court has recognized that a defendant's culpable mental state must, by necessity, ordinarily be proven by circumstantial evidence, which has the same probative value as direct evidence. *Syed*, 2018-

10

Ohio-1438, at ¶ 23, quoting *Flowers*, 2004-Ohio-4455, at ¶ 15. *See also Jenks*, 61 Ohio St.3d 259 at paragraph one of the syllabus.

{¶23} Mr. Gurley argues that the strength of the evidence is mitigated by "the fact that no contraband or drugs were found inside the vehicle, or inside the hidden compartments," but Sergeant Laughlin's testimony contradicts this assertion. He explained that marijuana plant matter was visibly strewn throughout the passenger compartment and in and around the hidden compartment. In addition, he noted that packaging materials used to transport drugs were found in a suitcase that also contained clothing consistent with Mr. Gurley's distinct build. Although the fact that Mr. Gurley did not own the vehicle is uncontroverted, it is also significant that he told Sergeant Laughlin that the vehicle was owned by someone with whom he enjoyed a close relationship and that he usually drove it up until he was confronted about the hidden compartment, when his story changed.

{¶24} Viewed from this perspective, we cannot say that the jury lost its way by concluding that Mr. Gurley knew that the hidden compartment was intended for transporting drugs. His conviction is not against the manifest weight of the evidence, and his third assignment of error is overruled.

### III.

{¶25} Mr. Gurley's three assignments of error are overruled, and the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

MYRON P. WATSON, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.