JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Nicholas Goss appeals from his convictions . For the reasons set forth below, we affirm the convictions, reverse the sentences imposed for allied offenses, and remand for re-sentencing.
 {¶ 2} On February 22, 2007, defendant was indicted for trafficking in crack cocaine, in violation of R.C. 2925.03(A)(1) (sell or offer to sell), trafficking in crack cocaine, in violation of R.C. 2925.03(A)(2) (knowingly prepare for shipment, ship, deliver, prepare for distribution, or distribute a controlled substance), possession of crack cocaine in violation of R.C. 2925.11(A), trafficking in marijuana, in violation of R.C. 2925.03(A)(2), and possession of criminal tools. Defendant moved to suppress the evidence obtained against him. The trial court denied the motion to suppress following an evidentiary hearing, and the matter proceeded to trial on the merits on February 13, 2008.[1]
 {¶ 3} The state's evidence indicated that, on January 9, 2007, Cleveland Police Vice Detectives targeted the area of East 93rd Street and Marshall. They contacted a confidential reliable informant (CRI") who had worked with the police for twenty years. The CRI was searched and determined to be free of drugs and was then given marked and photocopied drug buy money. Det. John Hall went down East 93rd Street with the CRI. Two males flagged them down and Dets. Reddy, Alim *Page 4 
and Rasberry took surveillance positions nearby. The CRI gave buy money to one of the men then entered defendant's store and the CRI followed. The CRI reemerged a short time later. He had a rock of cocaine and the officers entered the store. They arrested defendant, the only occupant of the store, who was standing behind a counter near a cash register. The officers observed three rocks of unpackaged crack cocaine in plain view near the register on the floor. They also found thirteen bags of marijuana in a jacket that defendant reportedly stated was his and which was hanging a few feet away from him. The buy money was retrieved from inside the register. The man who led the CRI into the store was not pursued as the officer determined that he was simply a middleman for the actual dealer.
 {¶ 4} Defendant was convicted of all five offenses, but with regard to the charge of possession of criminal tools, the jury determined in special findings pursuant to R.C. 2923.24(C), that defendant did not intend to use the money in the commission of a felony, thus resulting in a misdemeanor. Defendant now appeals and assigns four errors for our review. For the sake of convenience we will address the assigned errors out of their predesignated order.
 {¶ 5} For his first assignment of error, defendant asserts that the trial court erred in denying his motion to suppress. He complains that the police lacked probable cause to search the store, open the cash register, and search the pockets of a jacket found in the store.
 {¶ 6} In reviewing a trial court's ruling on a motion to suppress, a reviewing court must keep in mind that weighing the evidence and determining the credibility of *Page 5 
witnesses are functions for the trier of fact. State v. DePew (1988),38 Ohio St.3d 275, 277, 528 N.E.2d 542; State v. Fanning (1982),1 Ohio St.3d 19, 437 N.E.2d 583. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. SeeState v. Curry (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172, citingState v. Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54. A reviewing court, however, must decide de novo whether, as a matter of law, the facts meet the appropriate legal standard. Id.; see, also, State v.Claytor (1993), 85 Ohio App.3d 623, 620 N.E.2d 906.
 {¶ 7} The Fourth Amendment of the Constitution of the United States and Article I, Section 14, Ohio Constitution, protect against unreasonable searches and seizures. Evidence obtained in violation of the Fourth Amendment is barred by the Exclusionary Rule. Mapp v.Ohio (1961), 367 U.S. 643, 6 L.Ed.2d 1081, 81 S.Ct. 1684.
 {¶ 8} A warrantless search or seizure is per se unreasonable unless it falls within one of the recognized exceptions to the warrant requirement. Payton v. New York (1980), 445 U.S. 573, 586-587,63 L.Ed.2d 639, 100 S. Ct. 1371; citing Coolidge v. New Hampshire (1971),403 U.S. 443,, 29 L.Ed.2d 564, 91 S.Ct. 2022; State v. Welch (1985),18 Ohio St.3d 88, 91, 480 N.E.2d 384.
 {¶ 9} The following exceptions to the search warrant requirement have been recognized by the Ohio Supreme Court: (1) a search incident to a lawful arrest; (2) consent signifying waiver of constitutional rights; (3) the stop-and-frisk doctrine; (4) hot pursuit; (5) probable cause to search; (6) the presence of exigent circumstances; *Page 6 
and (7) the plain view doctrine. State v. Akron Airport PostNo. 8975 (1985), 19 Ohio St.3d 49, 51, 482 N.E.2d 606. Under the plain view doctrine, an officer who has lawfully intruded in a constitutionally protected area may seize an object that he finds there in plain view if its criminal character is immediately apparent. Coolidge v. NewHampshire, supra; State v. Williams (1978), 55 Ohio St.2d 82,377 N.E.2d 1013.
 {¶ 10} Probable cause exists when a reasonably prudent person would believe that the article or place to be searched contains evidence of a crime. State v. George (1989), 45 Ohio St.3d 325, 544 N.E.2d 640. Id.State v. Mitchell, Lake App. No. 2004-L-071 2005-Ohio-3896 (finding probable cause to open a container).
 {¶ 11} In this matter, we conclude that the trial court properly denied the motion to suppress. The evidence demonstrated that Cleveland Police Vice Unit Det. John Hall testified that he received complaints of drug sales in the area of East 93rd Street and Fuller. He then gave marked and photocopied drug buy money to a confidential and reliable informant ("CRI") who had worked with police over 100 times. Det. Hall and four other vice detectives proceeded to the area. Det. Hall observed the CRI converse with a male then follow the male into defendant's store. Upon exiting the store, the male and the CRI made a hand-to-hand transaction. The CRI gave Det. Hall a rock of crack cocaine which reportedly came from defendant who was still inside the store. The officers entered the store and arrested defendant less than one minute later. At this time, defendant was the only individual in the store and was standing behind the counter near the cash register. In the search incident to arrest, the officers did not locate the buy money on defendant's *Page 7 
person. They opened the register and obtained the marked buy money. According to Det. Hall, the officers opened the register to preserve evidence because they believed that it contained the buy money. The officers further observed three rocks of crack cocaine on the floor near the register and about two feet away from defendant. They also obtained 13 bags of suspected marijuana from a jacket hanging behind the counter. According to Det. Hall, drugs are frequently sold via a middleman who serves as an intermediary between the customer and the seller who has possession of a drug stash.
 {¶ 12} Defendant testified and stated that he had several jackets in the store and that he kept the cash register closed.
 {¶ 13} As to the opening of the cash register, we note that the evidence indicated that the CRI was in possession of drugs and no longer had the buy money. Upon the officers' entry into the store, defendant was the only individual inside and was standing behind the register. In light of the evidence of record concerning middleman drug sales, we conclude that a reasonably prudent person would believe that the buy money was placed inside the cash register and could have been irretrievably lost in the time needed to obtain a warrant. The trial court properly concluded that there was probable cause to justify the opening of the cash register.
 {¶ 14} As to the search of defendant's jacket, the evidence indicated that the jacket was hanging in close proximity to defendant. It was properly searched, incident to the lawful arrest of defendant. SeeNew York v. Belton (1981), 453 U.S. 454, 455-456, 69 L.Ed.2d 768,101 S.Ct. 2860; State v. Cherry, Summit App. *Page 8 
No. 21304, 2003-Ohio-3146.
 {¶ 15} The remaining crack cocaine was located in plain view and observed during defendant's arrest.
 {¶ 16} For all of the foregoing reasons, the trial court properly denied the motion to suppress. This assignment of error is without merit.
 {¶ 17} For his fourth assignment of error, defendant asserts that his convictions for possession of controlled substances under R.C. 2925.11
and trafficking in drugs under R.C. 2925.03 are allied offenses of similar import and the trial court therefore erred in convicting him of both offenses.
 {¶ 18} In considering whether offenses are of similar import, the court must compare the statutory elements of the offenses in question and determine whether they correspond to such a degree that commission of one crime will result in the commission of the other. R.C. 2941.25(A); State v. Ranee, 85 Ohio St.3d 632, 1999-Ohio-291,710 N.E.2d 699. If the elements correspond, the defendant may not be convicted of both offenses unless the court finds the defendant committed each crime separately or with separate animus. Id.
 {¶ 19} In State v. Cabrales, 118 Ohio St.3d 54, 2008 Ohio 1625,886 N.E.2d 181, the Supreme Court held that the elements of possessing a controlled substance under R.C. 2925.11(A) and trafficking in a controlled substance under R.C. 2925.03(A)(1) (sell or offer to sell) are not allied offenses of similar import as commission of one offense does not necessarily result in the commission of the other. The court noted that, in order to commit the offense of possession under *Page 9 
R.C. 2925.11(A), the offender must "knowingly obtain, possess, or use a controlled substance" whereas in order to commit the offense of trafficking under R.C. 2925.03(A)(1), the offender must knowingly sell or offer to sell a controlled substance. The court additionally noted that trafficking under R.C. 2925.03(A)(1) requires an intent to sell, but the offender need not possess the controlled substance in order to offer to sell it, and possession requires no intent to sell. AccordState v. Lewis, Scioto App. No. 08CA3226, 2008-Ohio-6691.
 {¶ 20} The Cabrales court noted, however, that elements of possessing a controlled substance under R.C. 2925.11(A) and trafficking in a controlled substance under R.C. 2925.03(A)(2) are allied offenses of similar import because commission of the first offense necessarily results in commission of the second. The court noted that, in order to commit the offense of possession under R.C. 2925.11(A), the offender must "knowingly obtain, possess, or use a controlled substance" and in order to commit the offense of trafficking under R.C. 2925.03(A)(2), the offender must knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, knowing, or having reason to know, that the substance is intended for sale. The court further reasoned that, in order to ship a controlled substance, deliver it, distribute it, or prepare it for shipping, etc., the offender must "hav[e] control over" it. R.C. 2925.01(K) (defining "possession"). Thus, trafficking in a controlled substance under R.C. 2925.03(A)(2) and possession of that same controlled substance under R.C. 2925.11(A) are allied offenses of similar import, because commission of the first offense necessarily results in *Page 10 
commission of the second.
 {¶ 21} Finally, the Cabrales court noted that trafficking in a controlled substance under R.C. 2925.03(A)(1) and trafficking in a controlled substance under R.C. 2925.03(A)(2) are not allied offenses of similar import. The court explained that an offender could commit trafficking under R.C. 2925.03(A)(2) and not necessarily commit trafficking under R.C. 2925.03(A)(1), because the offender merely knows that the controlled substance is intended for sale, as opposed to actually offering it for sale or selling it personally.
 {¶ 22} In accordance with the foregoing, defendant was properly convicted of both trafficking in a controlled substance under R.C. 2925.03(A)(1) and possession of that same controlled substance under R.C. 2925.11 as these offenses are not allied under State v.Cabrales, supra. We further conclude, however, that defendant was improperly convicted of both trafficking in a controlled substance under R.C. 2925.03(A)(2) and possession of that same controlled substance under R.C. 2925.11(A) as these offenses are allied offenses of similar import. Moreover, the evidence indicated that these offenses were committed with a single animus, i.e., to hold or possess pending a sale via a middleman. Therefore, defendant cannot be convicted of both offenses and we must therefore remand this matter in order that the trial court may impose only one conviction and one sentence for these two offenses.
 {¶ 23} This assignment of error is well-taken in part.
 {¶ 24} For his second assignment of error, defendant asserts that his *Page 11 
convictions are not supported by sufficient evidence. He further complains, with regard to his conviction for possession of criminal tools, that the jury specifically found that he "did not intend to use the money to commit the felony offense of drug trafficking in crack cocaine."
 {¶ 25} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492.
 {¶ 26} "Sufficiency is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins (1997), 78 Ohio St.3d 380, 386,1997-Ohio-52, 678 N.E.2d 541. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955),162 Ohio St. 486, 124 N.E.2d 148.
 {¶ 27} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational *Page 12 
trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Jackson v. Virginia (1979),443 U.S. 307, 99 S. Ct. 2781, 61 L.Ed.2d 560.
 {¶ 28} The elements of trafficking in a controlled substance under R.C. 2925.03(A)(1) are to knowingly sell or offer to sell less than one gram of crack cocaine.
 {¶ 29} The elements of the offense of drug trafficking under R.C.2925.03(A)(2) are to knowingly prepare for shipment, ship, deliver, prepare for distribution, or distribute less than one gram of crack cocaine or less than two hundred grams of marijuana.
 {¶ 30} The elements of R.C. 2925.11(A) are to knowingly obtain, possess, or use a controlled substance.
 {¶ 31} The elements of possession of criminal tools are to possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally. R.C. 2923.24.
 {¶ 32} In this matter, although it is unclear which of the allied offenses of trafficking under R.C. 2925.03(A)(2) (knowingly prepare for distribution or distribute) and possession of that same controlled substance under R.C. 2925.11(A), we find sufficient evidence to support both offenses. That is, the record demonstrates that defendant, the only occupant of his store, was standing near three rocks of crack cocaine, and was in constructive possession of them, and that he had completed the prior sale through the use of a middleman. This evidence is sufficient to convince an *Page 13 
average juror that defendant did knowingly possess and knowingly distribute a controlled substance. As to the remaining offenses, the record clearly indicates that defendant, via the middleman, knowingly offered to sell and did sell crack cocaine, under R.C. 2925.03(A)(1)and prepared for shipment and or distribution the thirteen bags of marijuana which were found in his jacket, under R.C.2925.03(A)(2). The record clearly indicates that defendant possessed money with purpose to use it criminally as he obtained the marked buy money as the result of his criminal enterprise, under R.C. 2923.24. The offenses of drug trafficking under R.C. 2925.03(A)(1), trafficking in marijuana, and possession of criminal tools are all supported by sufficient evidence.
 {¶ 33} This assignment of error is without merit.
 {¶ 34} Defendant next asserts that his convictions are against the manifest weight of the evidence.
 {¶ 35} In evaluating a challenge to the verdict based on manifest weight of the evidence, a court sits as the thirteenth juror and intrudes its judgment into proceedings which it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury which has "lost its way." State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541. As the Ohio Supreme Court explained:
 {¶ 36} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created *Page 14 
such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id. at 387.
 {¶ 37} The evidence at trial indicated that another individual flagged down the CRI and Det. Hall, that the CRI followed the man into defendant's store and that the CRI then obtained one rock of cocaine in a hand-to-hand exchange that took place outside the store. The officers then entered the store and found defendant standing at a cash register behind the counter. No one else was in the store. Three rocks of crack cocaine were on the floor nearby, the marked money was recovered from defendant's cash register and thirteen bags of marijuana were recovered from defendant's jacket which was hanging a few feet away. From all of the foregoing, we cannot say that the jury lost its way in convicting defendant of the offenses of trafficking in crack cocaine (sell or offer to sell), trafficking in cocaine (prepare for distribution or distribute) possession of crack cocaine, trafficking in marijuana, and possession of criminal tools.
 {¶ 38} This assignment of error lacks merit.
 {¶ 39} Defendant's convictions are affirmed but the sentences imposed for the allied offenses of possession of crack cocaine under R.C. 2925.11(A) and trafficking in crack cocaine under R.C. 2925.03(A)(2) are reversed and the matter is remanded for re-sentencing for a single of these allied offenses.
It is ordered that appellee and appellant split the costs herein taxed. *Page 15 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Prior to trial, the judge noted that defendant called her home. She reportedly told him that she could not speak with him and instructed him not to call again. Defendant later attempted to deliver a letter to her but he refused to leave it with her staff. The judge discussed the matter on the record with the attorneys and determined that she could remain on the case. No party challenges this determination.
KENNETH A. ROCCO, P.J., CONCURS;
CHRISTINE T. MCMONAGLE, J., CONCURS. (SEE ATTACHED
CONCURRING OPINION).