[Cite as *State v. Graves*, 2014-Ohio-5477.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 13CA0068-M |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| SHAUN P. GRAVES | COURT OF COMMON PLEAS |
| | COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 12CR0457 |

DECISION AND JOURNAL ENTRY

Dated: December 15, 2014

CARR, Judge.

{¶1} Defendant-Appellant, Shaun Graves, now appeals from the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2} Shortly before 8:00 p.m. on July 25, 2012, Sergeant Joel Smith stopped two cars on Interstate 71 for speeding. Graves was the driver of the second car, which was a rental car. When Sergeant Smith approached Graves' car, he detected the strong odor of raw marijuana coming from inside the car. He also observed an open bottle of air freshener on the center console. After issuing the first driver a speeding ticket and releasing her, Sergeant Smith asked Graves to step out of his car. He placed Graves in the back of his police cruiser, Mirandized him, and spoke to him briefly. He then left Graves in the cruiser and searched his car. The search of the passenger compartment failed to reveal any contraband, but Sergeant Smith found two duffel bags in the trunk. According to Sergeant Smith, the smell of raw marijuana coming

from the trunk was overwhelming. Sergeant Smith opened the duffel bags in the trunk and found 1,315 grams of marijuana. He then placed Graves under arrest.

{¶3} A grand jury indicted Graves on one count of possession of marijuana, a third-degree felony in violation of R.C. 2925.11(A)(C)(3)(d). Graves filed a motion to suppress in which he argued that Sergeant Smith lacked reasonable suspicion to stop his car and lacked probable cause to search it. On January 18, 2013, the trial court held a hearing on the motion. After the hearing, Graves filed a motion to supplement the record with a video recording taken from Sergeant Smith's cruiser and photographs taken by Sergeant Smith. He also filed a supplement to his motion to suppress, raising additional grounds for relief. In his supplement, Graves argued that Sergeant Smith lacked probable cause to arrest him and detained him for an unreasonable period of time. He specified that, at the point in time that Sergeant Smith placed him in the locked police cruiser and read him his *Miranda* rights, he was under arrest.

{¶4} On February 19, 2013, the trial court issued the following journal entry:

Mr. Graves filed a motion to suppress alleging that a warrantless search of his motor vehicle was made without probable cause. He also argues that he was arrested without probable cause and that he was detained [for] an unreasonable period of time following a traffic stop by [an] Ohio Highway Patrol Trooper.

Subsequent to the oral hearing on the suppression motion filed by Mr. Graves, there was a motion filed by him to allow further evidence in the form of video recordings and photographs. The Court finds the motion to supplement the record is well taken. The Court will schedule [an] oral hearing in which any video recordings and/or photographs taken or recorded by the Ohio State Highway Patrol may be introduced into evidence.

The court scheduled the additional hearing for March 22, 2013. Further, the record contains a certificate for court stenographer's fees from the official court reporter, indicating that she took shorthand notes of oral testimony or other oral proceedings that took place on that date.

{¶5}  On April 2, 2013, the trial court issued an order granting Graves' motion to suppress in part and denying it in part.  Graves then retracted his plea of not guilty and pleaded no contest to the possession of marijuana charge alleged in his indictment.

{¶6}  Graves now appeals from the court's denial of his motion to suppress and raises one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS.

{¶7}  In his sole assignment of error, Graves argues that the court erred by denying his motion to suppress.  He argues that he was arrested in the absence of probable cause when Sergeant Smith "seized [him], confined him to the back of the cruiser for an extended period of time, read [him] his *Miranda* rights, and acknowledged that [he] was not free to leave."  Because Sergeant Smith searched his car after the illegal arrest, Graves argues, the court should have suppressed any evidence Sergeant Smith discovered in the car as fruits of the poisonous tree.

{¶8}  A motion to suppress evidence presents a mixed question of law and fact.  *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.  "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses."  *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992).  Generally, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence."  *Burnside* at ¶ 8.  The reviewing court must then "independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard."  *Id.*

{¶9} In its factual findings, the trial court determined that Sergeant Smith detected "a strong smell of raw marijuana" when he approached Graves in his car. The court further found that Sergeant Smith searched the car after placing Graves in the back of his police cruiser and Mirandizing him. The court determined that Sergeant Smith had probable cause to conduct a warrantless search of the car "based on the smell of raw marijuana that he smelled inside the vehicle * * *."

{¶10} Graves does not challenge any of the foregoing factual findings or the court's ultimate conclusion that Sergeant Smith had probable cause to search his car. That is, he does not argue that the odor of raw marijuana in the passenger compartment of a car does not give rise to probable cause to search the car's trunk. Instead, he argues that the court should have suppressed the results of the search as fruits of the poisonous tree because the search came after his illegal arrest. Graves argues that Sergeant Smith's actions in placing him in the back of his police cruiser and Mirandizing him were tantamount to an arrest. Because Sergeant Smith had not yet discovered the marijuana at that point in time, Graves argues that he lacked probable cause to arrest him.

{¶11} Initially, we note that the record does not contain a transcript of the hearing that the court held on March 22, 2013, or any exhibits that may have been admitted at that hearing. The trial court's suppression entry contains several factual findings that do not appear in this Court's record. We, therefore, surmise that the court made those additional findings as a result of the March 22nd hearing and/or the exhibits admitted at that hearing. The absence of a complete record would likely impede our review of whether Graves was arrested in the absence of probable cause. *See, e.g., State v. Willett*, 9th Dist. Summit No. 25521, 2012-Ohio-1027, ¶ 6-7 (validity of suppression ruling presumed where appellant failed to provide this Court with

hearing transcript).  However, given the narrow question Graves has raised in this appeal and the record before us, we need not answer that question.

{¶12}  "Where a warrantless arrest violates constitutional probable cause requirements, evidence secured *incident to the arrest* is subject to the exclusionary rule."  (Emphasis added.) *State v. Finney*, 9th Dist. Summit No. 21180, 2003-Ohio-529, ¶ 18.

> According to the exclusionary rule, evidence must be suppressed if it is derived from an unlawful invasion of a constitutional right or the exploitation thereof. Such evidence is excluded so that the state is not placed in a better position than it would have been had it not committed the illegality.  Still, the state also must not be placed in a worse position than if the misconduct had not occurred.  Thus, the independent source exception allows the admission of evidence discovered by means entirely independent of any constitutional violation.

(Internal citations omitted.)  *State v. Franklin*, 9th Dist. Wayne No. 2847-W, 1994 WL 135293, *1 (Apr. 20, 1994).  *Accord State v. Perkins*, 18 Ohio St.3d 193, 194 (1985) (independent source exception "allows admission of evidence that has been discovered by means entirely independent of any constitutional violation").  "The goal [of the exclusionary rule] is to exclude evidence that flows from, and is the result of, the violation of a person's constitutional rights." *State v. Hobbs*, 9th Dist. Summit No. 25379, 2011-Ohio-3192, ¶ 18.

{¶13}  Graves has not explained how his allegedly illegal arrest formed the basis for the search of his car.  Sergeant Smith testified that he had fifteen years' worth of experience as an Ohio State Highway Patrolman and spent four of those years as a canine handler.  He testified that he was trained in the detection of marijuana and was able to distinguish between the odor of burnt marijuana and raw marijuana.  According to Sergeant Smith, the odor of raw marijuana coming from Graves' car was strong and got stronger the closer he got to the trunk.  It was the strong odor of raw marijuana that the trial court found gave rise to probable cause to search the car.  On appeal, Graves has not challenged that finding.

**{¶14}** Even if Sergeant Smith arrested Graves without probable cause, the record does not support the conclusion that the arrest provided the foundation for the search of his car. The trial court specifically determined that Sergeant Smith had probable cause to search the car due to the strong odor of raw marijuana coming from inside it. Thus, while the search of the car took place after the alleged arrest, the search was not the *product of* the arrest. *See Finney* at ¶ 18 ("[E]vidence secured incident to the arrest is subject to the exclusionary rule."). The odor of raw marijuana that Sergeant Smith detected was evidence discovered by means entirely independent of the constitutional violation asserted by Graves. *Franklin* at *1, citing *Perkins* at 194. Accordingly, the contraband that Sergeant Smith uncovered as a result of his search was not subject to the exclusionary rule as the fruit of an unconstitutional arrest. *Id.*

**{¶15}** Because Graves has not challenged the court's determination that the odor of raw marijuana that Sergeant Smith detected gave him probable cause to search the entire car, we need not address that issue on appeal. *See* App.R. 16(A)(7). We only address Graves' argument that the court should have suppressed the results of Sergeant Smith's search as fruits of the poisonous tree because the search came after his illegal arrest. Because the exclusionary rule does not apply for the reason asserted by Graves, his argument lacks merit. Accordingly, Graves' assignment of error is overruled.

### III.

**{¶16}** Graves' sole assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

J. REID YODER, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.