[Cite as *State v. Bryner*, 2018-Ohio-3215.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No.   18CA011257 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JANICE R. BRYNER | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.   17CR095866 |

DECISION AND JOURNAL ENTRY

Dated: August 13, 2018

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Janice Bryner, appeals from the judgment of the Lorain County Court of Common Pleas, denying her motion to suppress. This Court affirms.

I.

{¶2} Shortly before 1:00 a.m. one evening in February, Sergeant Corey Sabo was dispatched to a motel room in North Ridgeville based on a report of a disturbance. When he arrived, he found five individuals gathered outside the room in question. Bryner was one of the individuals. In speaking with her and her companions, the sergeant collected their identification and relayed their information to dispatch. He learned that the other female in the group had outstanding warrants for drug-related offenses, so he halted his investigation of the disturbance call and immediately arrested her. While he arrested her and took the additional actions described below, he had Bryner and her three remaining companions wait with other officers who were on scene.

{¶3} A car was parked in the motel parking lot just outside of the room where Bryner and her companions had been standing. Sergeant Sabo learned that the car was "associated with" the female he had just arrested, so he decided to remove his trained narcotics dog from his cruiser and lead the dog around the car. The dog quickly alerted to the passenger side of the car. Accordingly, the sergeant searched inside the car. He discovered a purse in the back seat and, inside the purse, several pills and items of drug paraphernalia. Bryner acknowledged that the purse belonged to her.

{¶4} A grand jury indicted Bryner on one count of possession of drugs, related to the pills, and one count of drug paraphernalia offenses. She filed a motion to suppress, and the State responded in opposition. Following a hearing on her motion, both Bryner and the State also submitted additional briefs. The trial court ultimately denied her motion to suppress, and Bryner entered a plea of no contest. The court sentenced her to one year of community control.

{¶5} Bryner now appeals from the trial court's denial of her motion to suppress and raises one assignment of error for our review.

II.

## Assignment of Error

**The trial court erred when it denied Bryner's motion to suppress as to Bryner's right against unreasonable searches and seizures in violation of Bryner's rights as guaranteed by the Fourth Amendment to the Constitution of the United States and Article I, Section 14 of the Ohio Constitution.**

{¶6} In her sole assignment of error, Bryner argues that the trial court erred by denying her motion to suppress. She asserts that Sergeant Sabo lacked reasonable suspicion (1) to extend her detention once he resolved his initial investigation, and (2) to conduct a dog sniff of the car in which her purse was found. She further asserts that he lacked a constitutional basis to search the purse itself. For the reasons set forth below, we reject her arguments.

**{¶7}** Appellate review of a trial court's ruling on a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. The trial court assumes the role of trier of fact and is in the best position to evaluate witness credibility and resolve factual issues. *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Accordingly, an appellate court must accept a trial court's findings of fact when they are supported by competent, credible evidence. *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, ¶ 100. Accepting those facts as true, the appellate court then must independently determine, without deference to the trial court's conclusion, whether those facts satisfy the applicable legal standard. *Burnside* at ¶ 8, citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

**{¶8}** An individual may move to suppress evidence taken from a vehicle if he or she possesses a legitimate expectation of privacy in either the vehicle itself or an item seized from the vehicle. *State v. Redding*, 9th Dist. Medina No. 10CA0018-M, 2010-Ohio-4286, ¶ 9. A closed container, such as a purse, is an item that the Fourth Amendment protects. *See State v. White*, 9th Dist. Lorain No. 11CA010005, 2011-Ohio-6748, ¶ 10. Even so, "an individual's expectation of privacy in a vehicle and its contents may not survive if probable cause is given to believe that the vehicle is transporting contraband." *United States v. Ross*, 456 U.S. 798, 823 (1982). "'[W]hen a [trained drug] dog alerts to the presence of drugs [inside a vehicle], it gives law enforcement probable cause to search the entire vehicle.'" *State v. Reid*, 9th Dist. Lorain No. 12CA010265, 2013-Ohio-4274, ¶ 9, quoting *State v. Almazan*, 9th Dist. Medina No. 05CA0098-M, 2006-Ohio-5047, ¶ 15. *Accord State v. Dixon*, 9th Dist. Medina Nos. 11CA0065-M, 11CA0087-M, 2012-Ohio-4428, ¶ 10. That search extends to "every part of the vehicle and its contents, including all movable containers and packages, that may logically conceal the object of the search." *State v. Welch*, 18 Ohio St.3d 88 (1985), syllabus.

{¶9} "The use of a drug detection dog does not constitute a 'search' within the meaning of the Fourth Amendment and a law enforcement officer is not required, prior to a dog sniff, to establish either probable cause or a reasonable suspicion that drugs are concealed in a vehicle." *State v. Brooks*, 9th Dist. Summit No. 28070, 2016-Ohio-7025, ¶ 14. The only prerequisite is that "'the canine team must be lawfully present at the location where the sniff occurs.'" *State v. Chuey*, 9th Dist. Medina No. 2937-M, 2000 Ohio App. LEXIS 1800, 7 (Apr. 26, 2000), quoting *United States v. Reed*, 141 F.3d 644, 650 (6th Cir.1998). "[M]otel guests [have] no reasonable expectation of privacy in [a] motel's parking lot." *United States v. Diaz*, 25 F.3d 392, 396 (6th Cir.1994). Accordingly, the police may "use [a] trained dog in [a motel] parking lot to sniff out drugs without implicating the Fourth Amendment." *Id. Accord State v. Bencic*, 9th Dist. Summit No. 16895, 1995 Ohio App. LEXIS 1883, 7-8 (May 3, 1995).

{¶10} The trial court found that a motel in North Ridgeville contacted the police to report a disturbance outside one of its rooms. The court found that Sergeant Sabo responded to the disturbance call and discovered five people, one of whom was Bryner, standing outside the room in question. One person had outstanding warrants for drug-related offenses, so Sergeant Sabo arrested her and secured her inside a police cruiser. After doing so, he decided to walk his trained narcotics dog around a car that was associated with the arrestee and was parked in the motel's parking lot. The court found that the car was unoccupied and immobile when the dog sniff occurred. It is undisputed that, as a result of the dog sniff, Sergeant Sabo searched the car and found Bryner's purse. It is also undisputed that he uncovered contraband inside her purse when he searched it.

{¶11} The trial court determined that Sergeant Sabo accomplished the initial purpose for his investigation when he spoke with the five individuals he found, checked their respective

identifications, and arrested one of them. Even so, the court determined that the sergeant did not offend the Fourth Amendment when he retrieved his dog and led the dog around the car that contained Bryner's purse. The court concluded that the sergeant was lawfully present in the motel's parking lot and the dog sniff itself did not constitute a search. It also concluded that the dog sniff resulted in probable cause to search the entire car and its contents, including Bryner's purse. As such, the court denied Bryner's motion to suppress.

{¶12} Bryner argues that the trial court erred by denying her motion to suppress because, once Sergeant Sabo verified her information, he lacked reasonable suspicion to detain her further. She also contends that he did not have a valid basis for the dog sniff he conducted because he had already concluded his investigation, the investigation did not relate to the car at issue, and he had no objective reason to suspect drug activity. Finally, she argues that the sergeant lacked probable cause to search her purse once he found it inside the car.

{¶13} Sergeant Sabo testified that, at approximately 12:40 a.m., he responded to a disturbance call placed by a motel in North Ridgeville. Once he arrived on scene, he found five individuals, including Bryner, standing outside the motel room that was the subject of the call. He described the motel as an "outdoor motel," meaning that the room doors opened out into the parking lot. He testified that the car he searched was parked in the motel parking lot, directly in front of the room where the five individuals were gathered. He testified that, after he arrested one of the individuals for her outstanding drug warrants, he decided to retrieve his trained narcotics dog and have the dog sniff around the parked car. Meanwhile, he left the four remaining individuals from the group under the watch of his fellow officers. Sergeant Sabo testified that the dog quickly alerted on the passenger's side of the car, so he searched the car. He then found Bryner's purse in the backseat and discovered contraband inside it.

{¶14} Ms. Bryner has not challenged any particular factual finding that the trial court made and, upon review, we conclude that the record contains competent, credible evidence in support of its findings. *See Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8. Consequently, we accept those findings as true and consider them in light of the applicable legal standard. *See id.*

{¶15} As previously noted, a dog sniff does not constitute a search under the Fourth Amendment, so it need not be supported by reasonable suspicion or probable cause. *See Brooks*, 2016-Ohio-7025, at ¶ 14. Dog sniffs are constitutionally permissible so long as an officer and his dog are "'lawfully present at the location where the sniff occurs.'" *Chuey*, 2000 App. LEXIS 1800, at 7, quoting *Reed*, 141 F.3d at 650. Though Bryner undoubtedly had a privacy interest in her purse, the purse was left in a parked car in the motel's parking lot. Sergeant Sabo and his dog were lawfully present in the lot, and Bryner had no reasonable expectation of privacy in the lot itself. *See Diaz*, 25 F.3d at 396. As such, the sergeant could lead his dog around the car without offending the Fourth Amendment. *See id. Accord Bencic*, 1995 Ohio App. LEXIS 1883, at 7-8. The record reflects that the court reached the correct legal conclusion in that regard. *See Burnside* at ¶ 8.

{¶16} The record also supports the trial court's conclusion that Sergeant Sabo had probable cause to search the car and Bryner's purse. When a trained narcotics dog alerts to the presence of drugs inside a car, an officer has probable cause to search the entire car and its contents insofar as they could "logically conceal the object of the search * * *." *See Reid*, 2013-Ohio-4274, at ¶ 9, quoting *Almazan*, 2006-Ohio-5047, at ¶ 15; *Welch*, 18 Ohio St.3d 88 at syllabus. Sergeant Sabo's trained narcotics dog quickly alerted to the presence of drugs inside the car, and he searched the car pursuant to the probable cause that resultantly arose. Bryner has

not challenged the reliability of the dog's alert. Nor has she claimed that her purse could not logically have concealed narcotics. Accordingly, we conclude that Sergeant Sabo possessed probable cause to search both the car and Bryner's purse. *See Reid* at ¶ 9, quoting *Almazan* at ¶15; *Welch* at syllabus. Bryner's argument to the contrary lacks merit.

{¶17} Although Bryner also argues that Sergeant Sabo lacked a constitutional basis to extend her detention, we fail to see how she was prejudiced by any extended detention that might have occurred. The exclusionary rule only operates "to exclude evidence that flows from, and is the result of, [a] violation of a person's constitutional rights." *State v. Hobbs*, 9th Dist. Summit No. 25379, 2011-Ohio-3192, ¶ 18. The rule does not prohibit the admission of evidence that "has been discovered by means entirely independent of any constitutional violation." *State v. Perkins*, 18 Ohio St.3d 193, 194 (1985). The evidence that Sergeant Sabo secured against Bryner flowed from his independent, constitutionally valid search of the parked car in the motel lot. He did not perform that search as a result of any action on the part of Bryner or any information he obtained from her during her detention. Accordingly, even if he ought to have ended her detention at an earlier point in time, she has not shown that her extended detention was the basis for the dog sniff or search that occurred here. *See State v. Graves*, 9th Dist. Medina No. 13CA0068-M, 2014-Ohio-5477, ¶ 12-14. Because the evidence that led to her charges was discovered by independent means, the exclusionary rule does not apply. *See id.*

{¶18} Upon review, the trial court correctly denied Bryner's motion to suppress. As such, her sole assignment of error is overruled.

III.

{¶19} Bryner's sole assignment of error is overruled. The judgment of the Lorain Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

PATRICK M. HAKOS, JR., Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and NICHOLAS A. BONAMINIO, Assistant Prosecuting Attorney, for Appellee.